SEYFARTH SHAW LLP
Jonathan L. Brophy (SBN 245223)
jbrophy@seyfarth.com
Catherine S. Feldman (SBN 299060)
cfeldman@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
MARSHALLS OF CA, LLC dba T.J. MAXX

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ALICIA ARAIZA, | Case No. 8:21-cv-2113 |
|---|---|
| Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |
| v. | |
| MARSHALLS OF CA, LLC dba T.J. MAXX; and DOES 1-50, | [Orange County Superior Court, Case No. 30-2021-1220537-CU-WT-CJC] |
| Defendant. | Trial Date: |
| | Date Action Filed: September 13, 2021 |

# **TABLE OF CONTENTS**

I. BACKGROUND ..................................................................................................1

II. TIMELINESS OF REMOVAL ...........................................................................2

III. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP .........................3

    A. Plaintiff Is A Citizen Of California ...........................................................3

    B. Defendant Is Not A Citizen Of California ................................................4

        1. NBC Operating, LP Is Not A Citizen Of California ..........................5

        2. NBC GP, LLC Is Not A Citizen Of California ..................................5

        3. NBC Trust Is Not A Citizen Of California ........................................6

        4. Doe Defendants May Be Disregarded ................................................6

IV. AMOUNT IN CONTROVERSY .........................................................................6

    A. Plaintiff's Claims Exceed $75,000 .............................................................7

        1. Compensatory Damages .....................................................................8

        2. Penalties ..............................................................................................8

        3. Emotional Distress Damages ..............................................................9

        4. Attorneys' Fees And Costs .................................................................9

        5. Punitive Damages .............................................................................10

V. VENUE ................................................................................................................11

VI. NOTICE OF REMOVAL ...................................................................................11

VII. RESERVATION OF RIGHTS ...........................................................................12

VIII. PRAYER FOR REMOVAL ..............................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Aboulafia v. GACN Inc.*,
  2013 WL 8115991 (Los Angeles Sup. Ct.) ............................................................. 9, 11

*Carden v. Arkoma Assocs.*,
  494 US 185, 110 S.Ct. 1015 (1990) ............................................................................. 4

*Chambers v. Penske Truck Leasing Corp.*,
  No. 1:11-CV-00381 LJO, 2011 WL 1459155 (E.D. Cal. 2011) .................................. 8

*City of Clarksdale v. BellSouth Telecomms., Inc.*,
  428 F.3d 206 (5th Cir. 2005) ....................................................................................... 2

*Conrad Assocs. v. Hartford Accident & Indem. Co.*,
  994 F. Supp. 1196 (N.D. Cal. 1998) ............................................................................ 7

*Crawford v. DIRECTV, Inc.*,
  2010 WL 5383296 (Los Angeles County Sup. Ct.) ................................................... 10

*Davenport v. Mut. Benefit Health & Accident Ass'n*,
  325 F.2d 785 (9th Cir. 1963) .................................................................................. 7, 10

*Davis v. HSBC Bank Nevada, N.A.*,
  557 F.3d 1026 (9th Cir. 2009) ..................................................................................... 4

*Denenberg v. Cal. Dep't of Transp.*,
  2006 WL 5305734 (San Diego County Sup. Ct.) ...................................................... 10

*Fristoe v. Reynolds Metals, Co.*,
  615 F.2d 1209 (9th Cir. 1980) ..................................................................................... 6

*Fritsch v. Swift Transp.*,
  899 F. 3d 785 (9th Cir. 2018) .................................................................................... 10

*Galt G/S v. JSS Scandinavia*,
  142 F. 3d 1150 (9th Cir. 1998) .............................................................................. 7, 10

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) ....................................................................................... 7

*Grupo Dataflux v. Atlas Global Grp., LP*,
    541 US 567 (2004)..................................................................................................4

*Harris v. Bankers Life & Cas. Co.*,
    425 F.3d 689 (9th Cir. 2005) ...................................................................................2

*The Hertz Corp.*, 559 U.S. at 92-93 ................................................................................4

*Johnson*, 437 F.3d at 899 ................................................................................................4

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ...................................................................................3

*Kantor v. Wellesley Galleries, Ltd.*,
    704 F.2d 1088 (9th Cir. 1983) .................................................................................3

*Kenny v. Wal-Mart Stores, Inc.*,
    881 F.3d 786 (9th Cir., Feb. 1, 2018) ......................................................................2

*Leimandt v. Mega RV Corp.*,
    2011 WL 2912831 (Orange County Sup. Ct.).........................................................9

*Melendez v. HMS Host Family Restaurants, Inc.*,
    No. CV 11-3842 ODW CWX, 2011 WL 3760058 (C.D. Cal. 2011) ......................8

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
    526 U.S. 344 (1999).................................................................................................2

*Peacock v. Quest Diagnostics*,
    2010 WL 6806990 (C.D. Cal.) ................................................................................9

*Richmond v. Allstate Ins. Co.*,
    897 F. Supp. 447 (S.D. Cal. 1995).........................................................................11

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
    720 F.3d 1121 (9th Cir. 2013) .................................................................................2

*Sanchez v. Monumental Life Ins.*,
    102 F.3d 398 (9th Cir. 1996) ...................................................................................6

*Silverman v. Stuart F. Cooper Inc.*,
    2013 WL 5820140 (Los Angeles Sup. Ct.) .............................................................9

*Simmons*, *supra*, 209 F. Supp. 2d at 1031-35 ..................................................................8

iii

77513701v.1

*State Farm Mut. Auto Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) .................................................................................. 3

*V & M Star, LP v. Centimark Corp.*,
   596 F.3d 354 (6th Cir. 2010) .................................................................................. 5

*Valdez v. Allstate Ins. Co.*,
   372 F.3d 1115 (9th Cir. 2004) ................................................................................ 7

*Vasquez v. Arvato Digital Servs., LLC*,
   No. CV 11-02836 RSWL, 2011 WL 2560261 (C.D. Cal. 2011) ............................ 8

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
   2013 WL 7852947 (Los Angeles Sup. Ct.) ............................................................ 9

*Ward v. Cadbury Schweppes Bottling Grp.*,
   2011 WL 7447633 (C.D. Cal) ........................................................................... 9, 11

*Welch v. Ivy Hill Corp.*,
   2011 WL 3293268 (Los Angeles Sup. Ct.) ............................................................ 9

**State Cases**

*Davis v. Robert Bosch Tool Corp.*,
   2007 WL 2014301 (Cal. Ct. App. 2d Dist. July 13, 2007) ................................... 10

**Federal Statutes**

28 U.S.C. § 84(c) ......................................................................................................... 11

28 U.S.C § 1332 ....................................................................................................... 1, 6

28 U.S.C. § 1332(a) ...................................................................................................... 7

28 U.S.C. § 1332(a)(1) ............................................................................................ 3, 11

28 U.S.C. § 1332(c)(1) ................................................................................................. 4

28 U.S.C § 1441(a) ........................................................................................... 1, 3, 6, 11

28 U.S.C § 1441(b) ....................................................................................................... 1

28 U.S.C. § 1446 .......................................................................................................... 2

28 U.S.C. § 1446(a) ............................................................................................... 11, 12

28 U.S.C. § 1446(b) ...................................................................................................... 3

28 U.S.C. § 1446(d) .................................................................................................... 11

**State Statutes**

Cal. Civ. Proc. Code § 415.10 ..................................................................................... 3

Cal. Govt. Code § 12940 .............................................................................................. 1

Cal. Govt. Code § 12940(h) ......................................................................................... 1

Cal. Govt. Code § 12940(m) ........................................................................................ 1

Cal. Govt. Code § 12940(n) ......................................................................................... 1

Labor Code §§ 201 - 203 .............................................................................................. 1

Labor Code § 203 .......................................................................................................... 8

77513701v.1

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF ALICIA ARAIZA AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Marshalls of CA, LLC dba TJ Maxx ("Defendant" or "Marshalls") hereby files this notice of removal pursuant to 28 U.S.C section 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to remove the above-captioned action from the Superior Court for the County of Orange to the United States District Court for the Central District of California, and state that the removal is proper for the following reasons:

**I.   BACKGROUND**

1.   On September 13, 2021, Plaintiff Alicia Araiza ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Orange, entitled "*Alicia Araiza, Plaintiff, vs. Marshalls of CA, LLC, dba T.J. Maxx; and DOES 1-50, Defendants*" Case No. 30-2021-1220537-CU-WT-CJC ("Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

2.   In the Complaint, Plaintiff asserts six causes of action against Defendant for: (1) "Failure to Pay Wages Upon Separation (Labor Code §§ 201 - 203)"; (2) "Unlawful Discrimination Based on Cal. Govt. Code § 12940"; (3) "Wrongful Termination in Violation of Public Policy"; (4) "Wrongful Termination-Retaliatory Termination [Cal. Govt. Code § 12940(h)]"; (5) "Wrongful Termination-Failure to Accommodate [Cal. Govt. Code § 12940(m)]"; and (6) "Wrongful Termination-Failure to Engage in the Interactive Process [Cal. Govt. Code § 12940(n)]."

3.   On November 23, 2021, Defendant's registered agent for service of process in California received, via process server, the Summons, Complaint, Civil Case Cover Sheet, and Alternate Dispute Resolution Information Package.  A true and correct copy of the service packet received by Defendant is attached hereto as **Exhibit B.**

1  4. On December 22, 2021, Defendant timely filed its Answer to Plaintiff's Complaint in Orange County Superior Court. A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached hereto as **Exhibit C.**

5. Defendant has not filed or received any other pleadings or papers, other than the pleadings described as **Exhibits A** through **C**, in this action prior to this Notice of Removal. (Declaration of Catherine S. Feldman ("Feldman Decl."), ¶ 2.)

6. As discussed in greater detail below, Defendant is a citizen of Delaware and Massachusetts.

## II.   TIMELINESS OF REMOVAL

7. The time for filing a Notice of Removal does not begin to run until a party has been formed with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"); *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir., Feb. 1, 2018) ("We have also emphasized that 'a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability.' *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005)). Accordingly, 'even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document.'").

8. The service of process which triggers the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal

motion within thirty days of service, the term 'service of process' is defined by state law.").

9. This Notice of Removal is timely, as it is filed within 30 days of service of the Summons and Complaint on November 23, 2021.  28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10.

10. Written notice of the filing of this Notice of Removal is being delivered to Plaintiff through her counsel of record.  A copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Orange.

## III. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

11. The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1).  As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A. Plaintiff Is A Citizen Of California

12. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intent to remain indefinitely.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Residence is prima facie evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is prima facie [evidence of] domicile").

13. Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.  The Complaint alleges that, "Plaintiff Alicia Araiza is a resident of California."  (*See* Ex. B, Complaint, ¶ 4.)

14. In addition, Defendant's review of Plaintiff's personnel file and public records reveal that Plaintiff resides in California.  (*See* Feldman Decl., ¶ 3, Ex. D; Declaration of W. Alex Koch ("Koch Decl."), ¶ 5.)

15. Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

**B.     Defendant Is Not A Citizen Of California**

16. Defendant is now and, at all times since the commencement of this action has been, a citizen of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1). *See Davis*, 557 F.3d at 1028 (citing 28 U.S.C. 1332(c)(1)); *The Hertz Corp.*, 559 U.S. at 92-93.

17. "A [ ] partnership or a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).

18. Moreover, unincorporated associations such as limited liability companies and partnerships are also treated as "a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899; *see also Grupo Dataflux v. Atlas Global Grp., LP*, 541 US 567, 569 (2004) (same); *Carden v. Arkoma Assocs.*, 494 US 185, 195, 110 S.Ct. 1015, 1021 (1990) (same).

19. In this case, Defendant is now, and ever since this action commenced has been, a limited liability company, organized under the laws of the State of Virginia. (Declaration of Joan Meltzer ("Meltzer Decl."), ¶ 5.) Defendant's principal place of business is in Massachusetts because it is where its headquarters are located and where its high level officers direct, control, and coordinate its activities. (*Id.* at ¶ 6.) Additionally, the majority of Defendant's executive and administrative functions are performed in or directed from the Framingham, Massachusetts office, including corporate finance, accounting, purchasing, marketing, and information systems. (*Id.*)

20. Even if this Court were to consider the citizenship of Defendant's members, it is still not a citizen of California because none of its members or sub-members—(1) NBC Operating, LP, and (2) NBC Trust—are a citizen of the State of California. Thus, there is diversity between Plaintiff and Defendant.

### 1. NBC Operating, LP Is Not A Citizen Of California

21. At all times since Plaintiff commenced this lawsuit, Defendant's sole member has been NBC Operating, LP, and it owns 100% of Marshalls. (Meltzer Decl., ¶ 7.)

22. NBC Operating, LP, is a limited partnership that at all relevant times during this litigation was organized under the laws of the State of Delaware with its principal place of business in Massachusetts. (Meltzer Decl., ¶¶8-9.) NBC Operating, LP's principal place of business is in Massachusetts because it is where its headquarters is located and where its high level officers direct, control, and coordinate its activities. (*Id.* at ¶ 9.) Additionally, the majority of NBC Operating, LP's executive and administrative functions are performed in or directed from the Massachusetts office, including corporate finance, accounting, purchasing, marketing and information systems. (*Id.*)

23. Because NBC Operating, LP, is a partnership, the Court may also examine the citizenship of its members—NBC GP, LLC and NBC Trust—for purposes of establishing diversity jurisdiction. *See V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 357 (6th Cir. 2010) (When a member of a limited liability company is itself a partnership or association, "the federal court needs to know the citizenship of each 'sub-member' as well.").

24. At all times since Plaintiff commenced this lawsuit, NBC Operating, LP's general partner has been NBC GP, LLC, a Delaware limited liability company and its limited partner has been NBC Trust. (Meltzer Decl., ¶ 10.) NBC Trust owns 100% of NBC Operating, LP. (*Id.*)

### 2. NBC GP, LLC Is Not A Citizen Of California

25. NBC GP, LLC is a limited liability company that at all relevant times during this litigation was organized and existing under the laws of the State of Delaware. (Meltzer Decl., ¶ 11.)

26. NBC GP, LLC's headquarters is located in Framingham, Massachusetts where its high level officers direct, control, and coordinate its activities. (*Id.* at ¶ 12.)

1  Additionally, the majority of NBC GP, LLC's executive and administrative functions are
2  performed in or directed from the Framingham, Massachusetts offices, including
3  corporate finance, accounting, purchasing, marketing, and information systems. (*Id.*)

### 3. NBC Trust Is Not A Citizen Of California

27. At all times since Plaintiff commenced this lawsuit, NBC Operating, LP's limited partner has been NBC Trust, and it owns 100% of NBC Operating, LP. (Meltzer Decl., ¶ 13.)

28. NBC Trust is a citizen of the State of Massachusetts because it is organized under the laws of the State of Massachusetts. (Meltzer Decl., ¶ 14.) NBC Trust's headquarters is located in Framingham, Massachusetts, where its high level officers direct, control, and coordinate its activities. Additionally, the majority of NBC Trust's executive and administrative functions are performed in or directed from the Framingham, Massachusetts offices, including corporate finance, accounting, purchasing, marketing, and information systems. (*Id.* at ¶ 15.)

### 4. Doe Defendants May Be Disregarded

29. Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants, 1-50, does not deprive this Court of jurisdiction.

## IV. AMOUNT IN CONTROVERSY

30. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

31.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).  When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

32.     In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees.  *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

33.     Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

### A.     Plaintiff's Claims Exceed $75,000

34.     Plaintiff's Complaint alleges claims of discrimination, retaliation, failure to accommodate and engage in the interactive process, wrongful termination, and waiting time penalties.  Plaintiff prays in part for compensatory, emotional distress, and punitive damages, attorneys' fees, and applicable penalties.  (**Ex A**, Complaint, Prayer for Relief, ¶¶ 1-9.)

///

///

### 1. Compensatory Damages

35. Plaintiff alleges she was terminated on or about February 11, 2021. (Ex. A, Complaint, ¶ 16.) At that time, Plaintiff earned $15.44 per hour in addition to the value of benefits she received from Defendant, and she worked an average of 40 hours per week. (Ex. A, Complaint, ¶ 15.) From the date of Plaintiff's termination, to the date of this removal filing approximately 45 weeks have elapsed. Accordingly, thus far, Plaintiff's claim for lost wages is approximately $27,810 ($15.45/hour x 40 hours/week x 45 weeks). If this case is set for trial in November 2022, by that date Plaintiff's lost wages would total approximately **$57,474**. This amount does not account for the other special damages Plaintiff seeks, such as losses in employment benefits, which will further increase the claim for special damages.

36. Courts routinely find removal appropriate in employment discrimination and retaliation cases, even when the alleged lost wages do not exceed the jurisdictional amount at the time of removal, because of the possibility of substantial punitive damages, emotional distress damages, and attorneys' fee awards. *See*, *Melendez v. HMS Host Family Restaurants, Inc.*, No. CV 11-3842 ODW CWX, 2011 WL 3760058, at *2-3 (C.D. Cal. 2011) (removal appropriate where lost wages totaled $47,424); *Vasquez v. Arvato Digital Servs., LLC*, No. CV 11-02836 RSWL, 2011 WL 2560261, at *3, 5 (C.D. Cal. 2011) (same when lost wages estimated to be $25,171 at time of removal); *Chambers v. Penske Truck Leasing Corp.*, No. 1:11-CV-00381 LJO, 2011 WL 1459155, at *3 (E.D. Cal. 2011) (same when lost wages estimated to be $10,470 at time of removal); *Simmons*, *supra*, 209 F. Supp. 2d at 1031-35 (same where lost wages totaled $25,600 at time of removal).

### 2. Penalties

37. Plaintiff seeks waiting time penalties in association with her claim that she did not receive her final pay upon termination under Labor Code section 203. (Ex. A, Complaint, ¶¶ 22-25.) Plaintiff claims that she did not receive her final paycheck "either at the time of discharge, or within seventy-two (72) hours of her leaving

Defendant's employ." (Ex. A, Complaint, ¶ 24.) From the face of her Complaint, Plaintiff is claiming the maximum of 30 days of waiting time penalties, or **$3,708** ($15.45/hour x 8 hours/day x 30 days of waiting time penalties).

### 3. Emotional Distress Damages

38. In addition to lost wages, Plaintiff claims emotional distress damages, including damages for "severe emotional distress." (Ex. A, Complaint, ¶ 48.) A review of jury verdicts in California demonstrates that emotional distress awards in discrimination cases commonly exceed $75,000. *See Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in a discrimination action); *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in a discrimination case); *Peacock v. Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal.) (jury award of $150,000 in non-economic loss to employee in action for discrimination action).

39. Plaintiff's allegations of emotional distress are similar to the issues raised in these cases. Defendant has attached these verdicts as **Exhibit E** to the concurrently filed Declaration of Catherine S. Feldman for the Court's review.

### 4. Attorneys' Fees And Costs

40. Plaintiff also claims that she is entitled to attorneys' fees and costs. (Ex. A, Complaint, ¶¶ 32, 41, 46, 51, & Prayer for Relief ¶ 6.) Attorneys' fees are properly

considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S,* 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). The amount of attorneys' fees for purposes of amount in controversy calculations is the expected reasonable attorneys' fees **through trial**. *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

41. Courts have also awarded far in excess of $75,000.00 in attorneys' fees in cases involving employment-related claims. *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims). Defendant has attached these verdicts as **Exhibit F** to the concurrently filed Declaration of Catherine S. Feldman for the Court's review.

42. Defendant anticipates depositions being taken in this case, and that ultimately, Defendant will file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination and wrongful termination cases often exceed $75,000. In this regard, it is more likely than not that the fees will exceed $75,000. In this regard, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. (Feldman Decl., ¶ 5.)

### 5. Punitive Damages

43. Plaintiff also seeks punitive damages. (Ex. A, Complaint, ¶¶ 31, 43, 47, 52 & Prayer for Relief ¶ 7.) For amount in controversy purposes, the Court must conclude that Plaintiff will prevail on her claim for punitive damages. *See Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages

must be taken into account where recoverable under state law); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award). An examination of jury awards shows that punitive damage awards alone in these types of cases can greatly exceed the $75,000 amount in controversy requirement. *See Aboulida v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (award of $1,000,000 in punitive damages in discrimination case); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal.) (jury awarded $9,687,400 in punitive damages to six employees in discrimination and retaliation action).

44. For each of the foregoing reasons and based upon the allegations contained in Plaintiff's Complaint, Defendant is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court. Because diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 20 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

**V.   VENUE**

45. Venue lies in the Central District of California pursuant to 28 U.S.C. section 1441(a), 1446(a), and 84(c). This action originally was brought in the Superior Court of California, County of Orange, which is located within the Central District of the State of California. (*See* Ex. A; B.)

**VI.   NOTICE OF REMOVAL**

46. Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed iwht the Clerk of the Superior Court of the State of California, County of Orange.

47. This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

48. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as Exhibits A through C to this Notice of Removal.

## VII. RESERVATION OF RIGHTS

49. By filing this Notice of Removal, Defendant does not concede or waive any defense to this action.

## VIII. PRAYER FOR REMOVAL

50. Wherefore, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California.

DATED: December, 23 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Catherine S. Feldman*
Jonathan L. Brophy
Catherine S. Feldman
Attorneys for Defendant

MARSHALLS OF CA, LLC dba T.J. MAXX