# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 09/13/2021 08:00:00 AM.
30-2021-01220537-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

1  FARRAH MIRABEL, STATE BAR NO. 162933
   fmesq@fmirabel.com
2  **LAW OFFICES OF FARRAH MIRABEL**
   1070 Stradella Rd.
3  Los Angeles, CA 90077
   TELEPHONE:  (714) 972-0707 FAX: (949) 417-1796
4
5  Attorneys for Plaintiff, Alicia Araiza

6

7 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 **FOR THE COUNTY OF ORANGE**

9

| | |
|---|---|
| Alicia Araiza,<br><br>       Plaintiff,<br><br>  vs.<br><br>Marshalls of CA, LLC, dba T.J. Maxx; and DOES 1-50,<br><br>      Defendants. | Case No: 30-2021-01220537-CU-WT-CJC<br>Assigned to: **Assigned for All Purposes**<br>Dept.: Judge Lon F. Hurwitz<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **Failure to Pay Wages Upon Separation (Labor Code §§ 201 – 203)**<br><br>2. **Unlawful Discrimination Based on Cal. Govt. Code § 12940;**<br><br>3. **Wrongful Termination in Violation of Public Policy;**<br><br>4. **Wrongful Termination-Retaliatory Termination [Cal. Govt. Code § 12940(h)];**<br><br>5. **Wrongful Termination-Failure to Accommodate [Cal. Govt. Code § 12940(m)]**<br><br>6. **Wrongful Termination-Failure to Engage in the Interactive Process [Cal. Govt. Code § 12940(n)]**<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW PLAINTIFF Alicia Araiza, and alleges as follows: (The allegations in this Complaint, stated on information and belief, have evidentiary support and/or are likely to have more evidentiary support after reasonable opportunity for further investigation and discovery.)

- 1 -

**COMPLAINT FOR DAMAGES**

**EXHIBIT A**

## NATURE OF THE ACTION

1. Defendant, Marshalls of CA, LLC, dba T.J. Maxx, is operating a department chain retail store in Orange County, California and throughout the United States.

2. During the relevant timeframe, Plaintiff was employed by Defendant, Marshalls of CA, LLC, dba T.J. Maxx, working at their facility located at 27690 Santa Margarita Pky, Mission Viejo, CA 92691.

3. This action for relief arises from Defendants' failure to accommodate and engage in the interactive process, unlawful discrimination and wrongful and retaliatory termination. Plaintiff also has a cause of action for Defendants' failure to timely pay Plaintiff's wages upon separation.

## THE PARTIES

4. Plaintiff Alicia Araiza is a resident of California.

5. Defendant, Marshalls of CA, LLC, dba T.J. Maxx, at all times mentioned herein, is an employer whose employees, including Plaintiff, worked for throughout the County of Orange and throughout the United States.

6. The true names and capacities, whether individual, corporate, associate or otherwise of each of the Defendants designated herein as a DOE is unknown to Plaintiff at this time, who therefore, sue said Defendants by fictitious names, DOES 1 to 50, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to Plaintiff as herein alleged.

7. Unless otherwise individually referred to, whenever, in this Complaint, reference is made to "Defendant" or "Defendants," such reference shall refer to all Defendants.

8. Plaintiff, on information and belief and based upon such basis, alleges that at all times herein mentioned, each of the Defendants were acting as the agent, servant, employee of each of the other Defendants, within the scope of said agency and employment.

9. During the times and places of the incident in question, Defendants, and each of them, their agents, servants and employees became liable to Plaintiff for the reasons described

**COMPLAINT FOR DAMAGES**

**EXHIBIT A**

in the complaint herein, and thereby proximately caused Plaintiff to sustain damages as set forth herein.

10.   Plaintiff, on information and belief and based upon such basis, alleges that all Defendants carried out a joint scheme, business plan or policy in all respects pertinent hereto and all acts and omissions herein complained of were performed within the course and scope of said employment, service, agency, common scheme, plan and/or policy.

11.   Plaintiff, on information and belief and based upon such basis, alleges that Defendants' founders, owners, shareholders, executive officers, managers, and supervisors directed, authorized, ratified and/or participated in the conduct that gives rise to the claims asserted herein and derived personal financial benefit from such conduct at the expense of Plaintiff.

## JURISDICTION AND VENUE

12.   This Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10.  The damages exceed the jurisdictional minimum of this Court.

13.   Venue is proper in this Court, pursuant to California Code of Civil Procedure § 395.5 because the incidents complained of occurred in Orange County, California.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTIONS

14.   Plaintiff is informed and believe that Defendants own, manage, and/or operate Marshalls of CA, LLC, dba T.J. Maxx, located in Orange County, CA.

15.   Defendants employed Plaintiff Alicia Araiza as a non-exempt hourly employee. She was hired on or around October 31, 2007, by Defendants, working from 7:00 a.m. to between 2:00 p.m.-3:00 p.m., five days a week, Mondays through Fridays. Plaintiff's last hourly rate was $15.44/hour. Plaintiff worked as a Backroom Coordinator.

16.   On or about January 1, 2021, Plaintiff contacted her manager, Vivian, after discovering her daughter tested positive for COVID-19. She told Vivian she could not come to work because she was exposed and did not want to put any of her coworkers at risk. Plaintiff was following Defendant's stay-at-home policy which instructed employees to stay-at-home if in contact and/or diagnosed with COVID-19. Vivian said she would tell Robin, the store manager, about Plaintiff's situation and that Plaintiff should stay home. Vivian also stated that the company would be paying Plaintiff for at least two weeks

- 3 -

**COMPLAINT FOR DAMAGES**

**EXHIBIT A**

off. Plaintiff herself tested positive for COVID-19 on January 4, 2021, and relayed her diagnosis to Vivian. Although Plaintiff was set to return to work on January 15, 2021, she began experiencing worsening symptoms and requested additional days off. Garry, an assistant manager, called Plaintiff on January 23, 2021, asking her if she was ready to return to work, but Plaintiff stated she was still experiencing respiratory issues exacerbated by any movement. Plaintiff then told Garry she will call once her symptoms improved or resolved, and Gary responded that it was fine and to get better soon. On February 3, 2021, Plaintiff received a call from a coworker, Alejandro, to pick up her W-2 upon Gary's instructions; Plaintiff instead asked if Gary could send her W-2 via mail. The following week, Plaintiff was feeling much better and planned to call Defendants to return to work, but her other daughter, a minor, got sick. Due to her daughter's symptoms, Plaintiff thought it was COVID-19 and again told Vivian she was still unable to return to work. Plaintiff asked Vivian what she could do to make up for that time and Vivian stated Plaintiff could use her time off. Plaintiff then told Vivian she would call back again "maybe after 2 weeks" upon her daughter's recovery. Plaintiff was not aware Vivian would place her on the new schedule on February 8, 2021, because Plaintiff never confirmed her return. It wasn't until February 11, 2021, at approximately 10:00 a.m. that Plaintiff called to request her new schedule to go back to work when she was notified by Robin, the store manager, that Plaintiff was terminated because she failed to show up to work on February 8, 2021. Robin told Plaintiff it was a mistake she was never notified about returning February 8, 2021, but that she was still terminated as of February 11, 2021.

17. Beginning April 2, 2021, Plaintiff, through her attorney, Farrah Mirabel, made repeated requests via email for Plaintiff's personnel file and payroll records, as well as on May 13 and May 21, from Defendant's employees, Claims Assistant Martina Williams and Gina Murray. Upon receiving these records, Ms. Mirabel indicated to Ms. Murray and Ms. Williams that Defendants' records did not indicate why Araiza was terminated. On July 7, 2021, Ms. Williams wrote that Plaintiff had resigned and was unwilling to return due to COVID-19. On that same day, Ms. Mirabel responded that Plaintiff did not resign, but rather, Defendant: "refused to give her any work shifts after she recovered from COVID-19. [Plaintiff] needed her job since she was dependent on [those] wage[s]

- 4 -

**COMPLAINT FOR DAMAGES**

**EXHIBIT A**

she was earning but she was not given a[ny] shift[s] and that is the reason she hired [an attorney]…" Ms. Williams responded to Ms. Mirabel's query by stating: "I understand Farah but I can't answer that for you. Gina would be able to assist in this matter." Ms. Mirabel then asked Ms. Williams and Ms. Gina Murray whether Plaintiff was able to resume her employment with Defendant but did not receive a response. Plaintiff posited the same inquiry again on August 24, 2021, and then again on September 13, 2021, but has not received a response to date, forcing Plaintiff, through her attorney, to file this Complaint.

18.    Defendants ultimately failed and refused to engage in the interactive process and failed to provide or even proffer any reasonable accommodation(s), like giving Plaintiff additional time off, or at the very least notifying Plaintiff that she had to resume working as of February 8, 2021. Defendants have not even communicated to Plaintiff why her employment was over. Defendants terminated Plaintiff's employment under the pretext that Plaintiff resigned from employment due to the COVID-19 pandemic. They retaliated against Plaintiff for requesting time off due to her daughters' COVID-19 diagnoses as well as her own COVID-19 diagnosis.

19.    Plaintiff believes and contends that the true reason Defendants chose to effectively terminate her as of February 11, 2021, is due to her age (almost 48 years old at the time of termination) and her need for time off due to her daughters' COVID-19 diagnoses as well as her own COVID-19 diagnosis.

20.    Defendants did not issue the final paychecks and wage statement to Plaintiff in accordance with the timeframes prescribed by law.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21.    Prior to initiating this lawsuit, Plaintiff complied with the requirement to make a claim and complaint against each named Defendant with  the California Department of Fair Employment and Housing ("DFEH") pursuant to section 19200, *et seq*, of the California Government Code, alleging the claims described in this complaint.  The DFEH issued a "right to sue" letter for Alicia Araiza, on September 13, 2021. The action is filed within one year of the date that the DFEH issued its right to sue letters. Attached to this complaint as **Exhibit "A"**, is a copy of the letter.

EXHIBIT A

**FIRST CAUSE OF ACTION**

**Failure to Pay Wages Upon Separation (Labor Code §§ 201-203)**

*(By Plaintiff Against all Defendants)*

22. Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

23. Labor Code Sections 201 – 203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter; unless the employee had given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Labor Code Section 203 provides that if an employer willfully fails to pay wages owed, in accordance with Labor Code Sections 201 and 202, then the wages of the employee shall continue as a penalty form the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

24. During the relevant time period, Defendants failed to pay Plaintiff, who is no longer employed by Defendant, her final paycheck (inclusive of compensation for all hours worked, and compensation for missed rest and meal breaks) either at the time of discharge, or within seventy-two (72) hours of her leaving Defendant's employ in violation of Labor Code Sections 201 – 203.

25. Plaintiff has been damaged in a sum to be proven and request relief as described below.

**SECOND CAUSE OF ACTION**

**Unlawful Discrimination Based on Cal. Govt. Code § 12940**

*(By Plaintiff Against all Defendants)*

26. Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

27. At all times herein set forth, California Government Code § 12926(d) provides: "'Employer' includes any person regularly employing five or more persons, or any

**COMPLAINT FOR DAMAGES**

**EXHIBIT A**

person acting as an agent of an employer, directly or indirectly, the state or any political or civil subdivision of the state, and cities . . .."

28. Defendants employ more than five employees. Defendants violated Cal. Govt. Code § 12940. Defendants discriminated against Plaintiff due to her age, disability and request for accommodation(s). As a result of Defendants' acts, Plaintiff has suffered and will continue to suffer damages, including lost wages, lost benefits, as well as other pecuniary and physical and emotional injuries. The amount of Plaintiff's damages will be ascertained at trial.

29. Plaintiff is legally protected from age and physical disability discrimination, which includes those whose physical condition requires accommodation.

30. Defendants discriminated against and terminated the Plaintiff due to her age (almost 48 years old at the time of termination), disability (COVID-19 diagnosis) and requested accommodation(s) (additional time off needed). Defendants terminated Plaintiff under the pretext that she resigned from employment due to the COVID-19 pandemic. Rather, Defendants refused to provide Plaintiff with additional time off due to her COVID-19 diagnosis, as well as Defendants' knowledge that Plaintiff would not necessarily be returning to work on February 8, 2021, due to her own COVID-19 diagnosis and residual disability.

31. In committing the foregoing acts, Defendants are guilty of oppression, fraud, and/or malice under California Civil Code Section 3294, thereby entitling Plaintiff to punitive damages in an amount to be proven at trial. Defendants' employees committed the acts of oppression, fraud, and/or malice. Defendants, had advance knowledge of each employee who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud and/or malice, was committed by or on part of an officer, director, or managing agent of each of the Defendants. Therefore, Plaintiff is entitled to punitive damages against Defendants.

32. FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing Plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action.

- 7 -

**COMPLAINT FOR DAMAGES**

Plaintiff has incurred and will continue to incur attorneys' fees and costs. Plaintiff is entitled to an award of reasonable attorneys' fees and costs since Defendants discriminated against Plaintiff due to her age, disability and request for accommodations (time off).

## THIRD CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

*(By Plaintiff Against all Defendants)*

33.   Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

34.   "Public policy" has been defined broadly to mean "that principle of law which holds that no citizen can lawfully do that which has a tendency to be injurious to the public or against the public good." *Petermann v. International Brotherhood of Teamsters* (1959) 174 Cal.App.2d 184, 188 [344 P.2d 25]. An employer discharging an employee's employment based on the employee's disability and age is a violation of Public Policy because "disability discrimination" and "age discrimination" are supported by either constitutional or statutory provisions; it inures to the benefit of the public at large rather than serving merely the interests of the individual; is articulated at the time of the discharge; and California's policy against age and disability discrimination is "substantial and fundamental."

35.   Beginning on or around January 1, 2021, Plaintiff requested time off due to her daughters' COVID-19 diagnoses as well as her own COVID-19 diagnosis. Defendants refused to provide Plaintiff with accommodation(s), including providing additional time off, or at the very least provide her a warning that she needed to return to work as of February 8, 2021, and effectively terminated her employment. Defendants terminated Plaintiff under the pretext that she resigned from employment due to the COVID-19 pandemic.

36.   She is informed and believes that this was the cause of the Defendants' discrimination against Plaintiff, and alleges that Defendants have terminated Plaintiff's employment in violation of Public Policy due to her physical condition which required accommodation.

**COMPLAINT FOR DAMAGES**

**EXHIBIT A**

### FOURTH CAUSE OF ACTION

**Wrongful Termination-Retaliatory Termination [Cal Govt. Code § 12940(h)]**

*(By Plaintiff Against all Defendants)*

37.   Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

38.   Defendants retaliated against Plaintiff in the terms, conditions and existence of Plaintiff's employment after Plaintiff opposed practices of Defendants forbidden by FEHA, Govt. Code §§ 12900-12996, including but not limited to Govt. Code §§ 12940, 12945.2 (employment discrimination). Defendants' retaliation violated Govt. Code § 12940, including subsection (h).

39.   Defendants' wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.

40.   Under Labor Code § 6310 Plaintiff is entitled to injunctive relief including reinstatement and reimbursement of lost wages and benefits.

41.   Plaintiff has been required to hire The Law Offices of Farrah Mirabel, and is entitled to recover reasonable attorney fees.

42.   Plaintiff alleges that Defendants terminated her for necessitating for accommodations due to disability under the pretext that she resigned from employment due to the COVID-19 pandemic., was done with malice and oppression because they were meant to retaliate against requiring additional time off due to her disability (COVID-19 diagnosis). These oppressive and malicious acts, as herein above alleged, were committed by Defendants and/or each of them through their Directors, Officers, Managing Employees, were ratified by Defendants and each of them at the time these acts were being committed.

43.   Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendants and each of them pursuant to Civil Code § 3294.

### FIFTH CAUSE OF ACTION

**Wrongful Termination-Failure to Accommodate [Cal. Govt. Code §12940(m)]**

*(By Plaintiff Against all Defendants)*

- 9 -

**COMPLAINT FOR DAMAGES**

**EXHIBIT A**

44.  Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

45.  Defendants failed to make reasonable accommodations, like providing her additional time off, for the disability of Plaintiff, but instead terminated her employment. This violated Govt. Code § 12940, including subsection (m).

46.  Defendants' wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven.  Plaintiff has been required to hire the Law Offices of Farrah Mirabel, and is entitled to recover reasonable attorney fees.

47.  Plaintiff alleges that Defendants' refusal to grant Plaintiff accommodations and terminating Plaintiff were acts that constitute oppression and malice because they were committed with the sole intent of depriving Plaintiff of being employed and causing injuries to Plaintiff.  These oppressive and malicious acts, as herein above-alleged, were committed by Defendants and/or each of them through their Directors, Officers, Managing Employees, were ratified by Defendants and each of them at the time these acts were being committed. Therefore, Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendants and each of them pursuant to Civil Code § 3294.

48.  Plaintiff alleges that as a direct and proximate result of Defendants wrongful conduct (Plaintiff being terminated based on her age, disability and not providing accommodations), Plaintiff has now sustained monetary damages and severe emotional distress.

## SIXTH CAUSE OF ACTION

### Wrongful Termination-Failure to Engage in the Interactive Process [Cal. Govt. Code §12940(n)]

*(By Plaintiff Against all Defendants)*

49.  Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

50.  Plaintiff, who was nearly 48 years old at the time of termination, had told Defendants that the reason she was unable to come to work was initially due to her daughters'

---

- 10 -

**COMPLAINT FOR DAMAGES**

COVID-19 diagnoses and then her own COVID-19 diagnosis, resulting in struggling with residual disability like respiratory issues exacerbated by movement. Defendants refused to provide her with any accommodation(s), like providing her with any additional time off, or at the very least providing her with a warning that if she had not returned by February 8, 2021, she would be terminated, and terminated her employment under the pretext that she resigned due to the COVID-19 pandemic. When Plaintiff's attorney inquired into whether Plaintiff could resume working for Defendants, Defendants failed to respond, forcing Plaintiff, through her attorney, to file this Complaint. Accordingly, Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective, reasonable accommodations. This violated Cal. Govt. Code § 12940, including subsection (n).

51. Defendants' wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven. Plaintiff was forced to hire the Law Offices of Farrah Mirabel, and is entitled to recover reasonable attorneys' fees.

52. Plaintiff alleges that Defendants refused to acknowledge and accept their need for accommodations due to her disability. Plaintiff necessitated accommodations, or at the very least a warning that she had to return to work February 13, 2021, to avoid termination in spite of her respiratory issues from her COVID-19 diagnosis. Such acts constitute oppression and malice because they were committed with the sole intent of depriving Plaintiff of receiving proper medical care and also deprive her of being employed and causing injuries to Plaintiff. These oppressive and malicious acts, as herein above-alleged, were committed by Defendants and/or each of them through their Directors, Officers, Managing Employees, were ratified by Defendants and each of them at the time these acts were being committed. Therefore, Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendants and each of them.

## **REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury for all issues so triable.

## **PRAYER FOR RELIEF**

Plaintiff requests:

1. For general and special compensatory damages, according to proof;

- 11 -

**COMPLAINT FOR DAMAGES**

**EXHIBIT A**

2.  For applicable statutory damages;

3.  For pre-judgment interest on any unpaid wages from the date such amounts were due;

4.  For the disgorgement of any and all "unpaid wages" and incidental losses, according to proof;

5.  For restitution of "unpaid wages" and pre-judgment interest from the day such amounts were due and payable;

6.  For reasonable attorney's fees pursuant to *Code of Civil Procedure* § 1021.5;

7.  For exemplary and punitive damages;

8.  For injunctive relief including reinstatement, reimbursement of lost wages/benefits; and

9.  For such other and further relief as the court deems just and proper.

DATED: September 13, 2021                    **LAW OFFICES OF FARRAH MIRABEL**

                                         BY:    /s/ Farrah Mirabel
                                                Farrah Mirabel, Esq.
                                                ATTORNEY FOR PLAINTIFF

- 12 -
**COMPLAINT FOR DAMAGES**

**EXHIBIT A**

# EXHIBIT "A"

EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 13, 2021

Farrah Mirabel
1070 Stradella Rd
Los Angeles, California 90077

RE:     **Notice to Complainant's Attorney**
        DFEH Matter Number: 202109-14733713
        Right to Sue: Araiza / Marshalls of CA, LLC, dba T.J. Maxx

Dear Farrah Mirabel:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                        GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                     KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 13, 2021

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202109-14733713
        Right to Sue: Araiza / Marshalls of CA, LLC, dba T.J. Maxx

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                      GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                            KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 13, 2021

Alicia Araiza
27690 Santa Margarita
Mission Viejo, California 92691

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202109-14733713
        Right to Sue: Araiza / Marshalls of CA, LLC, dba T.J. Maxx

Dear Alicia Araiza:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective September 13, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 l Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**EXHIBIT A**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Alicia Araiza                                                           DFEH No. 202109-14733713

Complainant,

vs.

Marshalls of CA, LLC, dba T.J. Maxx
770 COCHITUATE ROAD
FRAMINGHAM MA 01701, Massachusetts 01701

Respondents

---

**1.** Respondent **Marshalls of CA, LLC, dba T.J. Maxx** is an **employer Marshalls of CA, LLC, dba T.J. Maxx** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Alicia Araiza**, resides in the City of **Mission Viejo,** State of **California.**

**3.** Complainant alleges that on or about **February 11, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), age (40 and over), family care or medical leave (cfra).

**Complainant was discriminated against** because of complainant's disability (physical or mental), age (40 and over), family care or medical leave (cfra) and as a result of the discrimination was terminated, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, denied family care or medical leave (cfra).

**Additional Complaint Details:** Defendant employed Plaintiff Alicia Araiza as a non-exempt hourly employee. She was hired on or around October 31, 2007, by Defendants, working

-1-
*Complaint – DFEH No. 202109-14733713*

Date Filed: September 13, 2021

**EXHIBIT A**

from 7:00 a.m. to between 2:00 p.m.-3:00 p.m., five days a week, Mondays through Fridays. Plaintiff's last hourly rate was $15.44/hour. Plaintiff worked as a Backroom Coordinator. On or about January 1, 2021, Plaintiff contacted her manager, Vivian, after discovering her daughter tested positive for COVID-19. She told Vivian she could not come to work because she was exposed and did not want to put any of her coworkers at risk. Plaintiff was following Defendant's stay-at-home policy which instructed employees to stay-at-home if in contact and/or diagnosed with COVID-19. Vivian said she would tell Robin, the store manager, about Plaintiff's situation and that Plaintiff should stay home. Vivian also stated that the company would be paying Plaintiff for at least two weeks off. Plaintiff herself tested positive for COVID-19 on January 4, 2021, and relayed her diagnosis to Vivian. Although Plaintiff was set to return to work on January 15, 2021, she began experiencing worsening symptoms and requested additional days off. Garry, an assistant manager, called Plaintiff on January 23, 2021, asking her if she was ready to return to work, but Plaintiff stated she was still experiencing respiratory issues exacerbated by any movement. Plaintiff then told Garry she will call once her symptoms improved or resolved, and Gary responded that it was fine and to get better soon. On February 3, 2021, Plaintiff received a call from a coworker, Alejandro, to pick up her W-2 upon Gary's instructions; Plaintiff instead asked if Gary could send her W-2 via mail. The following week, Plaintiff was feeling much better and planned to call Defendants to return to work, but her other daughter, a minor, got sick. Due to her daughter's symptoms, Plaintiff thought it was COVID-19 and again told Vivian she was still unable to return to work. Plaintiff asked Vivian what she could do to make up for that time and Vivian stated Plaintiff could use her time off. Plaintiff then told Vivian she would call back again "maybe after 2 weeks" upon her daughter's recovery. Plaintiff was not aware Vivian would place her on the new schedule on February 8, 2021, because Plaintiff never confirmed her return. It wasn't until February 11, 2021, at approximately 10:00 a.m. that Plaintiff called to request her new schedule to go back to work when she was notified by Robin, the store manager, that Plaintiff was terminated because she failed to show up to work on February 8, 2021. Robin told Plaintiff it was a mistake she was never notified about returning February 8, 2021, but that she was still terminated as of February 11, 2021. Beginning April 2, 2021, Plaintiff, through her attorney, Farrah Mirabel, made repeated requests via email for Plaintiff's personnel file and payroll records, as well as on May 13 and May 21, from Defendant's employees, Claims Assistant Martina Williams and Gina Murray. Upon receiving the records, Ms. Mirabel indicated to Ms. Murray and Ms. Williams that Defendants' records did not indicate why Araiza was terminated. On July 7, 2021, Ms. Williams wrote that Plaintiff had resigned and was unwilling to return due to COVID-19. On that same day, Ms. Mirabel responded that Plaintiff did not resign, but rather, Defendant: "refused to give her any work shifts after she recovered from COVID-19. [Plaintiff] needed her job since she was dependent on [those] wage[s] she was earning but she was not given a[ny] shift[s] and that is the reason she hired [an attorney]…" Ms. Williams responded to Ms. Mirabel's query by stating: "I understand Farah but I can't answer that for you. Gina would be able to assist in this matter." Ms. Mirabel then asked Ms. Williams and Ms. Gina Murray whether Plaintiff was able to resume her employment with Defendant but did not receive a response. Plaintiff posited the same inquiry again on August 24, 2021, and then again on September 13, 2021, but has not received a response to date, forcing Plaintiff, through her attorney, to ask for right to sue letter in order to file a civil Complaint.

Date Filed: September 13, 2021

**EXHIBIT A**

VERIFICATION

I, **Farrah Mirabel**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On September 13, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**CA**

-3-
*Complaint – DFEH No. 202109-14733713*

Date Filed: September 13, 2021

**EXHIBIT A**

# EXHIBIT B

 **CT Corporation**

**Service of Process Transmittal**
11/23/2021
CT Log Number 540638412

**TO:**   Debra David, Paralegal
The TJX Companies, Inc.
770 Cochituate Rd
Framingham, MA 01701-4666

**RE:**   **Process Served in California**

**FOR:**   Marshalls of CA, LLC  (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Alicia Araiza // To: Marshalls of CA, LLC |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, Exhibit(s), Letter(s), Attachment(s), Stipulation |
| **COURT/AGENCY:** | Orange County Superior Court of California, CA<br>Case # 30202101220537CUWTCJC |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 02/11/2021 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/23/2021 at 02:59 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | Farrah Mirabel, Esq.<br>Law Offices of Farrah Mirabel<br>1070 Stradella RD<br>Los Angeles, CA 90077<br>714-972-0707 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/23/2021, Expected Purge Date: 11/28/2021<br><br>Image SOP<br><br>Email Notification,  Debra David  debra_david@tjx.com<br><br>Email Notification,  James Evans  james_evans@tjx.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

Page 1 of  2 / FA

**EXHIBIT B**

 CT Corporation

**Service of Process Transmittal**
11/23/2021
CT Log Number 540638412

TO:   Debra David, Paralegal
      The TJX Companies, Inc.
      770 Cochituate Rd
      Framingham, MA 01701-4666

RE:   **Process Served in California**

FOR:  Marshalls of CA, LLC  (Domestic State: VA)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / FA

EXHIBIT B



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Tue, Nov 23, 2021

**Server Name:**             JOSE SORIANO

| Entity Served | MARSHALLS OF CA, LLC |
|---|---|
| Case Number | 30-2021-01220537-CU-WT-CJC |
| Jurisdiction | CA |



EXHIBIT B

Electronically Filed by Superior Court of California, County of Orange, 09/13/2021 08:00:00 AM.
30-2021-01220537-CU-WT-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>Marshalls of CA, LLC, dba T.J. Maxx; and DOES 1-50,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>Alicia Araiza | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Central Justice Center<br>700 Civic Center Drive West Santa Ana, CA 92701 | **CASE NUMBER:**<br>*(Número del Caso):*   30-2021-01220537-CU-WT-CJC<br><br>Judge Lon F. Hurwitz |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAW OFFICE OF FARRAH MIRABEL, 1070 Stradella Rd. Los Angeles, CA 90077; tel: (714) 972-0707

| DATE:<br>*(Fecha)*  09/13/2021  DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)*  *Katie Trent* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*   Katie Trent

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*  Marshalls of CA, LLC, dba T.J. Maxx

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☑ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Electronically Filed by Superior Court of California, County of Orange, 09/13/2021 08:00:00 AM.
30-2021-01220537-CU-WT-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk **CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Farrah Mirabel, Esq. (SBN: 162933)<br>LAW OFFICES OF FARRAH MIRABEL<br>1070 Stradella RD<br>Los Angeles, CA 90077; (714) 972-0707<br>**TELEPHONE NO.:** 714-972-0707     **FAX NO.:** 949-417-1796<br>**ATTORNEY FOR** *(Name):* Alicia Araiza | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
**STREET ADDRESS:** 700 W Civic Center Dr, Santa Ana, CA
**MAILING ADDRESS:**
**CITY AND ZIP CODE:** Santa Ana, CA 92701
**BRANCH NAME:** Orange County Superior Court

**CASE NAME:**
Alicia Araiza v. Marshalls of CA, LLC, dba T.J. Maxx;

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2021-01220537-CU-WT-CJC |
|---|---|---|---|---|
| ✔ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Lon F. Hurwitz<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
✔ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ✔ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ✔ punitive
4. Number of causes of action *(specify):* 6 causes of action  WRONGFUL TERMINATION
5. This case ☐ is  ✔ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: Sep 13, 2021

Farrah Mirabel, Esq.
(TYPE OR PRINT NAME)

▶ *Farrah Mirabel*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

**EXHIBIT B**



Electronically Filed by Superior Court of California, County of Orange, 09/13/2021 08:00:00 AM.
30-2021-01220537-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

1   FARRAH MIRABEL, STATE BAR NO. 162933
    fmesq@fmirabel.com
2   **LAW OFFICES OF FARRAH MIRABEL**
    1070 Stradella Rd.
3   Los Angeles, CA 90077
    TELEPHONE:  (714) 972-0707 FAX: (949) 417-1796
4

5   Attorneys for Plaintiff, Alicia Araiza

6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                    **FOR THE COUNTY OF ORANGE**

9

10  Alicia Araiza,                          )   Case No:  30-2021-01220537-CU-WT-CJC
                                            )   Assigned to:   **Assigned for All Purposes**
11                                          )   Dept.:          Judge Lon F. Hurwitz
           Plaintiff,                       )
12                                          )   **COMPLAINT FOR DAMAGES FOR:**
    vs.                                     )
13                                          )
                                            )   1.  **Failure to Pay Wages Upon Separation**
14  Marshalls of CA, LLC, dba T.J. Maxx; and DOES )      **(Labor Code §§ 201 – 203)**
    1-50,                                   )
15                                          )   2.  **Unlawful Discrimination Based on**
           Defendants.                      )       **Cal. Govt. Code § 12940;**
16                                          )
                                            )   3.  **Wrongful Termination in Violation of**
17                                          )       **Public Policy;**
                                            )
18                                          )   4.  **Wrongful Termination-Retaliatory**
                                            )       **Termination [Cal. Govt. Code §**
19                                          )       **12940(h)];**
                                            )
20                                          )   5.  **Wrongful Termination-Failure to**
                                            )       **Accommodate [Cal. Govt. Code §**
21                                          )       **12940(m)]**
                                            )
22                                          )   6.  **Wrongful Termination-Failure to**
                                            )       **Engage in the Interactive Process**
23                                          )       **[Cal. Govt. Code § 12940(n)]**
                                            )
24                                          )   **DEMAND FOR JURY TRIAL**
                                            )
25

26  COME NOW PLAINTIFF Alicia Araiza, and alleges as follows: (The allegations in this Complaint,

27  stated on information and belief, have evidentiary support and/or are likely to have more evidentiary

28  support after reasonable opportunity for further investigation and discovery.)

                                    - 1 -
                            **COMPLAINT FOR DAMAGES**

## NATURE OF THE ACTION

1. Defendant, Marshalls of CA, LLC, dba T.J. Maxx, is operating a department chain retail store in Orange County, California and throughout the United States.

2. During the relevant timeframe, Plaintiff was employed by Defendant, Marshalls of CA, LLC, dba T.J. Maxx, working at their facility located at 27690 Santa Margarita Pky, Mission Viejo, CA 92691.

3. This action for relief arises from Defendants' failure to accommodate and engage in the interactive process, unlawful discrimination and wrongful and retaliatory termination. Plaintiff also has a cause of action for Defendants' failure to timely pay Plaintiff's wages upon separation.

## THE PARTIES

4. Plaintiff Alicia Araiza is a resident of California.

5. Defendant, Marshalls of CA, LLC, dba T.J. Maxx, at all times mentioned herein, is an employer whose employees, including Plaintiff, worked for throughout the County of Orange and throughout the United States.

6. The true names and capacities, whether individual, corporate, associate or otherwise of each of the Defendants designated herein as a DOE is unknown to Plaintiff at this time, who therefore, sue said Defendants by fictitious names, DOES 1 to 50, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to Plaintiff as herein alleged.

7. Unless otherwise individually referred to, whenever, in this Complaint, reference is made to "Defendant" or "Defendants," such reference shall refer to all Defendants.

8. Plaintiff, on information and belief and based upon such basis, alleges that at all times herein mentioned, each of the Defendants were acting as the agent, servant, employee of each of the other Defendants, within the scope of said agency and employment.

9. During the times and places of the incident in question, Defendants, and each of them, their agents, servants and employees became liable to Plaintiff for the reasons described

- 2 -
**COMPLAINT FOR DAMAGES**

in the complaint herein, and thereby proximately caused Plaintiff to sustain damages as set forth herein.

10. Plaintiff, on information and belief and based upon such basis, alleges that all Defendants carried out a joint scheme, business plan or policy in all respects pertinent hereto and all acts and omissions herein complained of were performed within the course and scope of said employment, service, agency, common scheme, plan and/or policy.

11. Plaintiff, on information and belief and based upon such basis, alleges that Defendants' founders, owners, shareholders, executive officers, managers, and supervisors directed, authorized, ratified and/or participated in the conduct that gives rise to the claims asserted herein and derived personal financial benefit from such conduct at the expense of Plaintiff.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10. The damages exceed the jurisdictional minimum of this Court.

13. Venue is proper in this Court, pursuant to California Code of Civil Procedure § 395.5 because the incidents complained of occurred in Orange County, California.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTIONS

14. Plaintiff is informed and believe that Defendants own, manage, and/or operate Marshalls of CA, LLC, dba T.J. Maxx, located in Orange County, CA.

15. Defendants employed Plaintiff Alicia Araiza as a non-exempt hourly employee. She was hired on or around October 31, 2007, by Defendants, working from 7:00 a.m. to between 2:00 p.m.-3:00 p.m., five days a week, Mondays through Fridays. Plaintiff's last hourly rate was $15.44/hour. Plaintiff worked as a Backroom Coordinator.

16. On or about January 1, 2021, Plaintiff contacted her manager, Vivian, after discovering her daughter tested positive for COVID-19. She told Vivian she could not come to work because she was exposed and did not want to put any of her coworkers at risk. Plaintiff was following Defendant's stay-at-home policy which instructed employees to stay-at-home if in contact and/or diagnosed with COVID-19. Vivian said she would tell Robin, the store manager, about Plaintiff's situation and that Plaintiff should stay home. Vivian also stated that the company would be paying Plaintiff for at least two weeks

- 3 -
**COMPLAINT FOR DAMAGES**

off. Plaintiff herself tested positive for COVID-19 on January 4, 2021, and relayed her diagnosis to Vivian. Although Plaintiff was set to return to work on January 15, 2021, she began experiencing worsening symptoms and requested additional days off. Garry, an assistant manager, called Plaintiff on January 23, 2021, asking her if she was ready to return to work, but Plaintiff stated she was still experiencing respiratory issues exacerbated by any movement. Plaintiff then told Garry she will call once her symptoms improved or resolved, and Gary responded that it was fine and to get better soon. On February 3, 2021, Plaintiff received a call from a coworker, Alejandro, to pick up her W-2 upon Gary's instructions; Plaintiff instead asked if Gary could send her W-2 via mail. The following week, Plaintiff was feeling much better and planned to call Defendants to return to work, but her other daughter, a minor, got sick. Due to her daughter's symptoms, Plaintiff thought it was COVID-19 and again told Vivian she was still unable to return to work. Plaintiff asked Vivian what she could do to make up for that time and Vivian stated Plaintiff could use her time off. Plaintiff then told Vivian she would call back again "maybe after 2 weeks" upon her daughter's recovery. Plaintiff was not aware Vivian would place her on the new schedule on February 8, 2021, because Plaintiff never confirmed her return. It wasn't until February 11, 2021, at approximately 10:00 a.m. that Plaintiff called to request her new schedule to go back to work when she was notified by Robin, the store manager, that Plaintiff was terminated because she failed to show up to work on February 8, 2021. Robin told Plaintiff it was a mistake she was never notified about returning February 8, 2021, but that she was still terminated as of February 11, 2021.

17.   Beginning April 2, 2021, Plaintiff, through her attorney, Farrah Mirabel, made repeated requests via email for Plaintiff's personnel file and payroll records, as well as on May 13 and May 21, from Defendant's employees, Claims Assistant Martina Williams and Gina Murray. Upon receiving these records, Ms. Mirabel indicated to Ms. Murray and Ms. Williams that Defendants' records did not indicate why Araiza was terminated. On July 7, 2021, Ms. Williams wrote that Plaintiff had resigned and was unwilling to return due to COVID-19. On that same day, Ms. Mirabel responded that Plaintiff did not resign, but rather, Defendant: "refused to give her any work shifts after she recovered from COVID-19. [Plaintiff] needed her job since she was dependent on [those] wage[s]

-4-

**COMPLAINT FOR DAMAGES**

she was earning but she was not given a[ny] shift[s] and that is the reason she hired [an attorney]..." Ms. Williams responded to Ms. Mirabel's query by stating: "I understand Farah but I can't answer that for you. Gina would be able to assist in this matter." Ms. Mirabel then asked Ms. Williams and Ms. Gina Murray whether Plaintiff was able to resume her employment with Defendant but did not receive a response. Plaintiff posited the same inquiry again on August 24, 2021, and then again on September 13, 2021, but has not received a response to date, forcing Plaintiff, through her attorney, to file this Complaint.

18. Defendants ultimately failed and refused to engage in the interactive process and failed to provide or even proffer any reasonable accommodation(s), like giving Plaintiff additional time off, or at the very least notifying Plaintiff that she had to resume working as of February 8, 2021. Defendants have not even communicated to Plaintiff why her employment was over. Defendants terminated Plaintiff's employment under the pretext that Plaintiff resigned from employment due to the COVID-19 pandemic. They retaliated against Plaintiff for requesting time off due to her daughters' COVID-19 diagnoses as well as her own COVID-19 diagnosis.

19. Plaintiff believes and contends that the true reason Defendants chose to effectively terminate her as of February 11, 2021, is due to her age (almost 48 years old at the time of termination) and her need for time off due to her daughters' COVID-19 diagnoses as well as her own COVID-19 diagnosis.

20. Defendants did not issue the final paychecks and wage statement to Plaintiff in accordance with the timeframes prescribed by law.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

21. Prior to initiating this lawsuit, Plaintiff complied with the requirement to make a claim and complaint against each named Defendant with the California Department of Fair Employment and Housing ("DFEH") pursuant to section 19200, *et seq*, of the California Government Code, alleging the claims described in this complaint. The DFEH issued a "right to sue" letter for Alicia Araiza, on September 13, 2021. The action is filed within one year of the date that the DFEH issued its right to sue letters. Attached to this complaint as **Exhibit "A"**, is a copy of the letter.

- 5 -
**COMPLAINT FOR DAMAGES**

### FIRST CAUSE OF ACTION

**Failure to Pay Wages Upon Separation (Labor Code §§ 201-203)**

*(By Plaintiff Against all Defendants)*

22.   Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

23.   Labor Code Sections 201 – 203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter; unless the employee had given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Labor Code Section 203 provides that if an employer willfully fails to pay wages owed, in accordance with Labor Code Sections 201 and 202, then the wages of the employee shall continue as a penalty form the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

24.   During the relevant time period, Defendants failed to pay Plaintiff, who is no longer employed by Defendant, her final paycheck (inclusive of compensation for all hours worked, and compensation for missed rest and meal breaks) either at the time of discharge, or within seventy-two (72) hours of her leaving Defendant's employ in violation of Labor Code Sections 201 – 203.

25.   Plaintiff has been damaged in a sum to be proven and request relief as described below.

### SECOND CAUSE OF ACTION

**Unlawful Discrimination Based on Cal. Govt. Code § 12940**

*(By Plaintiff Against all Defendants)*

26.   Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

27.   At all times herein set forth, California Government Code § 12926(d) provides: "'Employer' includes any person regularly employing five or more persons, or any

- 6 -
**COMPLAINT FOR DAMAGES**

**EXHIBIT B**

person acting as an agent of an employer, directly or indirectly, the state or any political or civil subdivision of the state, and cities . . .."

28. Defendants employ more than five employees. Defendants violated Cal. Govt. Code § 12940. Defendants discriminated against Plaintiff due to her age, disability and request for accommodation(s). As a result of Defendants' acts, Plaintiff has suffered and will continue to suffer damages, including lost wages, lost benefits, as well as other pecuniary and physical and emotional injuries. The amount of Plaintiff's damages will be ascertained at trial.

29. Plaintiff is legally protected from age and physical disability discrimination, which includes those whose physical condition requires accommodation.

30. Defendants discriminated against and terminated the Plaintiff due to her age (almost 48 years old at the time of termination), disability (COVID-19 diagnosis) and requested accommodation(s) (additional time off needed). Defendants terminated Plaintiff under the pretext that she resigned from employment due to the COVID-19 pandemic. Rather, Defendants refused to provide Plaintiff with additional time off due to her COVID-19 diagnosis, as well as Defendants' knowledge that Plaintiff would not necessarily be returning to work on February 8, 2021, due to her own COVID-19 diagnosis and residual disability.

31. In committing the foregoing acts, Defendants are guilty of oppression, fraud, and/or malice under California Civil Code Section 3294, thereby entitling Plaintiff to punitive damages in an amount to be proven at trial. Defendants' employees committed the acts of oppression, fraud, and/or malice. Defendants, had advance knowledge of each employee who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud and/or malice, was committed by or on part of an officer, director, or managing agent of each of the Defendants. Therefore, Plaintiff is entitled to punitive damages against Defendants.

32. FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing Plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action.

- 7 -

**COMPLAINT FOR DAMAGES**

Plaintiff has incurred and will continue to incur attorneys' fees and costs. Plaintiff is entitled to an award of reasonable attorneys' fees and costs since Defendants discriminated against Plaintiff due to her age, disability and request for accommodations (time off).

### THIRD CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

*(By Plaintiff Against all Defendants)*

33.   Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

34.   "Public policy" has been defined broadly to mean "that principle of law which holds that no citizen can lawfully do that which has a tendency to be injurious to the public or against the public good." *Petermann v. International Brotherhood of Teamsters* (1959) 174 Cal.App.2d 184, 188 [344 P.2d 25]. An employer discharging an employee's employment based on the employee's disability and age is a violation of Public Policy because  "disability discrimination" and "age discrimination" are supported by either constitutional or statutory provisions; it inures to the benefit of the public at large rather than serving merely the interests of the individual; is articulated at the time of the discharge; and California's policy against age and disability discrimination is "substantial and fundamental."

35.   Beginning on or around January 1, 2021, Plaintiff requested time off due to her daughters' COVID-19 diagnoses as well as her own COVID-19 diagnosis. Defendants refused to provide Plaintiff with accommodation(s), including providing additional time off, or at the very least provide her a warning that she needed to return to work as of February 8, 2021, and effectively terminated her employment. Defendants terminated Plaintiff under the pretext that she resigned from employment due to the COVID-19 pandemic.

36.   She is informed and believes that this was the cause of the Defendants' discrimination against Plaintiff, and alleges that Defendants have terminated Plaintiff's employment in violation of Public Policy due to her physical condition which required accommodation.

- 8 -

**COMPLAINT FOR DAMAGES**

### FOURTH CAUSE OF ACTION

**Wrongful Termination-Retaliatory Termination [Cal Govt. Code § 12940(h)]**

*(By Plaintiff Against all Defendants)*

37.  Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

38.  Defendants retaliated against Plaintiff in the terms, conditions and existence of Plaintiff's employment after Plaintiff opposed practices of Defendants forbidden by FEHA, Govt. Code §§ 12900-12996, including but not limited to Govt. Code §§ 12940, 12945.2 (employment discrimination). Defendants' retaliation violated Govt. Code § 12940, including subsection (h).

39.  Defendants' wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.

40.  Under Labor Code § 6310 Plaintiff is entitled to injunctive relief including reinstatement and reimbursement of lost wages and benefits.

41.  Plaintiff has been required to hire The Law Offices of Farrah Mirabel, and is entitled to recover reasonable attorney fees.

42.  Plaintiff alleges that Defendants terminated her for necessitating for accommodations due to disability under the pretext that she resigned from employment due to the COVID-19 pandemic., was done with malice and oppression because they were meant to retaliate against requiring additional time off due to her disability (COVID-19 diagnosis). These oppressive and malicious acts, as herein above alleged, were committed by Defendants and/or each of them through their Directors, Officers, Managing Employees, were ratified by Defendants and each of them at the time these acts were being committed.

43.  Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendants and each of them pursuant to Civil Code § 3294.

### FIFTH CAUSE OF ACTION

**Wrongful Termination-Failure to Accommodate [Cal. Govt. Code §12940(m)]**

*(By Plaintiff Against all Defendants)*

- 9 -

**COMPLAINT FOR DAMAGES**

**EXHIBIT B**

44. Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

45. Defendants failed to make reasonable accommodations, like providing her additional time off, for the disability of Plaintiff, but instead terminated her employment. This violated Govt. Code § 12940, including subsection (m).

46. Defendants' wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven. Plaintiff has been required to hire the Law Offices of Farrah Mirabel, and is entitled to recover reasonable attorney fees.

47. Plaintiff alleges that Defendants' refusal to grant Plaintiff accommodations and terminating Plaintiff were acts that constitute oppression and malice because they were committed with the sole intent of depriving Plaintiff of being employed and causing injuries to Plaintiff. These oppressive and malicious acts, as herein above-alleged, were committed by Defendants and/or each of them through their Directors, Officers, Managing Employees, were ratified by Defendants and each of them at the time these acts were being committed. Therefore, Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendants and each of them pursuant to Civil Code § 3294.

48. Plaintiff alleges that as a direct and proximate result of Defendants wrongful conduct (Plaintiff being terminated based on her age, disability and not providing accommodations), Plaintiff has now sustained monetary damages and severe emotional distress.

## SIXTH CAUSE OF ACTION

### Wrongful Termination-Failure to Engage in the Interactive Process [Cal. Govt. Code §12940(n)]

*(By Plaintiff Against all Defendants)*

49. Plaintiff incorporates by reference and realleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

50. Plaintiff, who was nearly 48 years old at the time of termination, had told Defendants that the reason she was unable to come to work was initially due to her daughters'

- 10 -
**COMPLAINT FOR DAMAGES**

EXHIBIT B

COVID-19 diagnoses and then her own COVID-19 diagnosis, resulting in struggling with residual disability like respiratory issues exacerbated by movement. Defendants refused to provide her with any accommodation(s), like providing her with any additional time off, or at the very least providing her with a warning that if she had not returned by February 8, 2021, she would be terminated, and terminated her employment under the pretext that she resigned due to the COVID-19 pandemic. When Plaintiff's attorney inquired into whether Plaintiff could resume working for Defendants, Defendants failed to respond, forcing Plaintiff, through her attorney, to file this Complaint. Accordingly, Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective, reasonable accommodations. This violated Cal. Govt. Code § 12940, including subsection (n).

51. Defendants' wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven. Plaintiff was forced to hire the Law Offices of Farrah Mirabel, and is entitled to recover reasonable attorneys' fees.

52. Plaintiff alleges that Defendants refused to acknowledge and accept their need for accommodations due to her disability. Plaintiff necessitated accommodations, or at the very least a warning that she had to return to work February 13, 2021, to avoid termination in spite of her respiratory issues from her COVID-19 diagnosis. Such acts constitute oppression and malice because they were committed with the sole intent of depriving Plaintiff of receiving proper medical care and also deprive her of being employed and causing injuries to Plaintiff. These oppressive and malicious acts, as herein above-alleged, were committed by Defendants and/or each of them through their Directors, Officers, Managing Employees, were ratified by Defendants and each of them at the time these acts were being committed. Therefore, Plaintiff is entitled to damages in an amount according to proof at trial and punitive damages in an amount sufficient to deter and punish Defendants and each of them.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

Plaintiff requests:

1. For general and special compensatory damages, according to proof;

- 11 -

**COMPLAINT FOR DAMAGES**

2. For applicable statutory damages;

3. For pre-judgment interest on any unpaid wages from the date such amounts were due;

4. For the disgorgement of any and all "unpaid wages" and incidental losses, according to proof;

5. For restitution of "unpaid wages" and pre-judgment interest from the day such amounts were due and payable;

6. For reasonable attorney's fees pursuant to *Code of Civil Procedure* § 1021.5;

7. For exemplary and punitive damages;

8. For injunctive relief including reinstatement, reimbursement of lost wages/benefits; and

9. For such other and further relief as the court deems just and proper.

DATED: September 13, 2021                        **LAW OFFICES OF FARRAH MIRABEL**

                                         BY:    /s/ Farrah Mirabel
                                                Farrah Mirabel, Esq.
                                                ATTORNEY FOR PLAINTIFF

- 12 -
**COMPLAINT FOR DAMAGES**

# EXHIBIT "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency   GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**   KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 13, 2021

Farrah Mirabel
1070 Stradella Rd
Los Angeles, California 90077

RE: **Notice to Complainant's Attorney**
   DFEH Matter Number: 202109-14733713
   Right to Sue: Araiza / Marshalls of CA, LLC, dba T.J. Maxx

Dear Farrah Mirabel:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

**EXHIBIT B**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

September 13, 2021

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202109-14733713
        Right to Sue: Araiza / Marshalls of CA, LLC, dba T.J. Maxx

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                   GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                   KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 13, 2021

Alicia Araiza
27690 Santa Margarita
Mission Viejo, California 92691

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202109-14733713
      Right to Sue: Araiza / Marshalls of CA, LLC, dba T.J. Maxx

Dear Alicia Araiza:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective September 13, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

**EXHIBIT B**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**EXHIBIT B**

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Alicia Araiza                                                    DFEH No. 202109-14733713

Complainant,

vs.

Marshalls of CA, LLC, dba T.J. Maxx
770 COCHITUATE ROAD
FRAMINGHAM MA 01701, Massachusetts 01701

Respondents

---

**1.** Respondent **Marshalls of CA, LLC, dba T.J. Maxx** is an **employer Marshalls of CA, LLC, dba T.J. Maxx** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Alicia Araiza**, resides in the City of **Mission Viejo,** State of **California.**

**3.** Complainant alleges that on or about **February 11, 2021,** respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), age (40 and over), family care or medical leave (cfra).

**Complainant was discriminated against** because of complainant's disability (physical or mental), age (40 and over), family care or medical leave (cfra) and as a result of the discrimination was terminated, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, denied family care or medical leave (cfra).

**Additional Complaint Details:** Defendant employed Plaintiff Alicia Araiza as a non-exempt hourly employee. She was hired on or around October 31, 2007, by Defendants, working

-1-
*Complaint – DFEH No. 202109-14733713*

Date Filed: September 13, 2021

**EXHIBIT B**

1  from 7:00 a.m. to between 2:00 p.m.-3:00 p.m., five days a week, Mondays through Fridays.
   Plaintiff's last hourly rate was $15.44/hour. Plaintiff worked as a Backroom Coordinator. On
2  or about January 1, 2021, Plaintiff contacted her manager, Vivian, after discovering her
   daughter tested positive for COVID-19. She told Vivian she could not come to work because
3  she was exposed and did not want to put any of her coworkers at risk. Plaintiff was following
   Defendant's stay-at-home policy which instructed employees to stay-at-home if in contact
4  and/or diagnosed with COVID-19. Vivian said she would tell Robin, the store manager,
   about Plaintiff's situation and that Plaintiff should stay home. Vivian also stated that the
5  company would be paying Plaintiff for at least two weeks off. Plaintiff herself tested positive
6  for COVID-19 on January 4, 2021, and relayed her diagnosis to Vivian. Although Plaintiff
   was set to return to work on January 15, 2021, she began experiencing worsening
7  symptoms and requested additional days off. Garry, an assistant manager, called Plaintiff on
   January 23, 2021, asking her if she was ready to return to work, but Plaintiff stated she was
8  still experiencing respiratory issues exacerbated by any movement. Plaintiff then told Garry
   she will call once her symptoms improved or resolved, and Gary responded that it was fine
9  and to get better soon. On February 3, 2021, Plaintiff received a call from a coworker,
   Alejandro, to pick up her W-2 upon Gary's instructions; Plaintiff instead asked if Gary could
10 send her W-2 via mail. The following week, Plaintiff was feeling much better and planned to
   call Defendants to return to work, but her other daughter, a minor, got sick. Due to her
11 daughter's symptoms, Plaintiff thought it was COVID-19 and again told Vivian she was still
   unable to return to work. Plaintiff asked Vivian what she could do to make up for that time
12 and Vivian stated Plaintiff could use her time off. Plaintiff then told Vivian she would call
   back again "maybe after 2 weeks" upon her daughter's recovery. Plaintiff was not aware
13 Vivian would place her on the new schedule on February 8, 2021, because Plaintiff never
   confirmed her return. It wasn't until February 11, 2021, at approximately 10:00 a.m. that
14 Plaintiff called to request her new schedule to go back to work when she was notified by
15 Robin, the store manager, that Plaintiff was terminated because she failed to show up to
   work on February 8, 2021. Robin told Plaintiff it was a mistake she was never notified about
16 returning February 8, 2021, but that she was still terminated as of February 11, 2021.
   Beginning April 2, 2021, Plaintiff, through her attorney, Farrah Mirabel, made repeated
17 requests via email for Plaintiff's personnel file and payroll records, as well as on May 13 and
   May 21, from Defendant's employees, Claims Assistant Martina Williams and Gina Murray.
18 Upon receiving the records, Ms. Mirabel indicated to Ms. Murray and Ms. Williams that
   Defendants' records did not indicate why Araiza was terminated. On July 7, 2021, Ms.
19 Williams wrote that Plaintiff had resigned and was unwilling to return due to COVID-19. On
   that same day, Ms. Mirabel responded that Plaintiff did not resign, but rather, Defendant:
20 "refused to give her any work shifts after she recovered from COVID-19. [Plaintiff] needed
   her job since she was dependent on [those] wage[s] she was earning but she was not given
21 a[ny] shift[s] and that is the reason she hired [an attorney]…" Ms. Williams responded to Ms.
   Mirabel's query by stating: "I understand Farah but I can't answer that for you. Gina would
22 be able to assist in this matter." Ms. Mirabel then asked Ms. Williams and Ms. Gina Murray
23 whether Plaintiff was able to resume her employment with Defendant but did not receive a
   response. Plaintiff posited the same inquiry again on August 24, 2021, and then again on
24 September 13, 2021, but has not received a response to date, forcing Plaintiff, through her
   attorney, to ask for right to sue letter in order to file a civil Complaint.

25

26

27                                                       -2-
                                    Complaint – DFEH No. 202109-14733713
28
   Date Filed: September 13, 2021

VERIFICATION

I, **Farrah Mirabel**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On September 13, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**CA**

-3-
*Complaint – DFEH No. 202109-14733713*

Date Filed: September 13, 2021

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

**EXHIBIT B**

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**EXHIBIT B**

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

L1200 Rev. Dec. 2019

**EXHIBIT B**

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May Not Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

EXHIBIT B

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                                      STATE:              ZIP CODE:<br>TELEPHONE NO.:                            FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-4593 | |
|---|---|

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
|---|---|

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____   _____   _____
                        (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____   _____   _____
                        (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | |
|---|---|
| Approved for Optional Use<br>L1270 (Rev. March 2019) | California Rules of Court, rule 3.221 |

**EXHIBIT B**

# EXHIBIT C

Electronically Filed by Superior Court of California, County of Orange, 12/22/2021 02:05:00 PM.
30-2021-01220537-CU-WT-CJC - ROA # 9 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.

1  SEYFARTH SHAW LLP
   Jonathan L. Brophy (SBN 245223)
2  E-mail:  jbrophy@seyfarth.com
   Catherine S. Feldman (SBN 299060)
3  E-mail:  cfeldman@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:     (310) 277-7200
5  Facsimile:     (310) 201-5219

6  Attorneys for Defendant
   MARSHALLS OF CA, LLC dba T.J. MAXX

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF ORANGE

11

| | |
|---|---|
| 12  ALICIA ARAIZA, | Case No. 30-2021-01220537-CU-WT-CJC |
| 13              Plaintiff, | Assigned to the Hon. Lon F. Hurwitz; Dept. C-20 |
| 14        v. | **DEFENDANT'S ANSWER TO PLAINTIFF'S** |
| 15  MARSHALLS OF CA, LLC dba T.J. MAXX; and DOES 1-50, | **UNVERIFIED COMPLAINT** |
| 16 | |
| 17              Defendants. | Complaint Filed      September 13, 2021 |

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

77513700v.1

**EXHIBIT C**

Defendant Marshalls of CA, LLC dba T.J. Maxx ("Defendant"), for themselves and for no other defendant, answer the unverified Complaint filed by Plaintiff Alicia Araiza ("Plaintiff") as follows:

## **GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies generally each allegation and each purported cause of action in the Complaint, and without limiting the generality of the foregoing, deny that Plaintiff has been damaged in any amount, or at all, by reason of any acts or omissions of Defendant.

## **DEFENSES**

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges as follows, without assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law:

## **FIRST DEFENSE**

### **(Agreement to Arbitrate - All Causes of Action)**

1.      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, is subject to binding arbitration pursuant to an agreement between Plaintiff and Defendant.  Defendant's filing of this Answer should not be construed as a waiver of its right to seek to compel arbitration and to stay or dismiss the claims against Defendant in this litigation based on the arbitration agreement. Defendant intends to exercise its rights to move this action to arbitration with Plaintiff's consent or by an order of the Court, as necessary.

## **SECOND DEFENSE**

### **(Failure to State a Cause of Action - All Causes of Action)**

2.      Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## **THIRD DEFENSE**

### **(Failure to Exhaust Administrative Remedies - All Causes of Action)**

3.      Plaintiff's claims, in whole or in part, are barred because Plaintiff has failed to exhaust her administrative remedies or to comply with the statutory prerequisites for bringing suit.

1

77513700v.1

**EXHIBIT C**

**FOURTH DEFENSE**

**(Statute of Limitations - All Causes of Action)**

4.     Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 335.1, 338, and 343, California Government Code section 12960 and 12965, and California Labor Code section 203.

**FIFTH DEFENSE**

**(Laches - All Causes of Action)**

5.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing her claim.

**SIXTH DEFENSE**

**(Waiver - All Causes of Action)**

6.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**SEVENTH DEFENSE**

**(Estoppel - All Causes of Action)**

7.     Because of Plaintiff's own acts or omissions, Plaintiff is barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Complaint.

**EIGHTH DEFENSE**

**(Unclean Hands - All Causes of Action)**

8.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**NINTH DEFENSE**

**(Ratification - All Causes of Action)**

9.     Plaintiff's claims are barred, in whole or in part, on the grounds that Plaintiff ratified Defendant's alleged actions.

**TENTH DEFENSE**

**(Failure to Mitigate Damages - All Causes of Action)**

10.     Defendant alleges, based on information and belief, that Plaintiff had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages.  To the extent that Plaintiff suffered any damages as a result of the facts alleged

2

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**EXHIBIT C**

in her Complaint, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to her failure to make reasonable efforts to mitigate or minimize the damages incurred.  By reason of the foregoing, Plaintiff is barred in whole or in part from recovery of damages from Defendant.

## ELEVENTH DEFENSE

### (Failure to Exercise Reasonable Preventive Corrective Opportunities - All Causes of Action)

11.     To the extent any of Defendant's employees or agents engaged in unlawful discriminatory or retaliatory behavior, or any other unlawful conduct toward Plaintiff, Defendant is not liable for any such discrimination, retaliation, or other conduct, or Plaintiff's damages must be reduced, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory, retaliatory, or other unlawful behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided or to otherwise avoid harm.

## TWELFTH DEFENSE

### (After-Acquired Evidence - All Causes of Action)

12.     Plaintiff's claims are barred, or her damages, if any, are limited, to the extent she engaged in any misconduct of which Defendant was unaware until after Plaintiff's termination that provides independent legal cause for the changes in her employment.

## THIRTEENTH DEFENSE

### (Legitimate Non-Discriminatory, Non-Retaliatory Actions - All Causes of Action)

13.     Plaintiff's claims are barred, in whole or in part, because Defendant had a legitimate business reason that was non-discriminatory and non-retaliatory for all actions taken with respect to Plaintiff's employment.

## FOURTEENTH DEFENSE

### (Mixed Motive - All Causes of Action)

14.     Even if Plaintiff should prove that her protected status was a substantial factor motivating the challenged employment actions, which Defendant denies, the same actions would have been taken based on legitimate, non-discriminatory, non-retaliatory considerations.

3

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT C

**FIFTEENTH DEFENSE**

**(Award of Punitive Damages is Unconstitutional - All Causes of Action)**

15.     To the extent that Plaintiff seeks punitive or exemplary damages in her Complaint, she violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

**SIXTEENTH DEFENSE**

**(Setoff And Recoupment - All Causes of Action)**

16.     To the extent a court or arbitrator holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments Defendant made to Plaintiff and/or obligations that Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

**SEVENTEENTH DEFENSE**

**(Business Necessity - All Causes of Action)**

17.     Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred to the extent Defendant acted in accordance with a qualification standard and/or selection criterion that is job-related and consistent with business necessity.

**EIGHTEENTH DEFENSE**

**(Lack of Causation for Emotional Distress Damages - All Causes of Action)**

18.     Plaintiff's claims, in whole or in part, are barred to the extent that Plaintiff has not alleged any tangible or medical evidence of emotional distress as a result of any conduct alleged in the Complaint.  Alternatively, to the extent that any alleged emotional distress is alleged by Plaintiff, it was caused by a collateral source other than Defendant.

4

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT C

## NINETEENTH DEFENSE

### (Undue Hardship - All Causes of Action)

19.     To the extent that Plaintiff requested accommodations that were not reasonable or would cause Defendant undue hardship, and thus were not required, Plaintiff's claims fail.

## TWENTIETH DEFENSE

### (Good Faith Effort to Engage in Interactive Process - All Causes of Action)

20.     Plaintiff's claims are barred, in whole or in part, because, assuming she was legally disabled, Defendant made a good faith effort to engage in the interactive process with, and to reasonably accommodate, Plaintiff.

## TWENTY-FIRST DEFENSE

### (Plaintiff's Failure To Engage In An Interactive Process - All Causes of Action)

21.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to participate in good faith, or at all, in an interactive process with Defendant regarding her purported need for a reasonable accommodation for her alleged disability.

## TWENTY-SECOND DEFENSE

### (Reasonable Accommodation - All Causes of Action)

22.     Plaintiff's claims are barred, in whole or in part, because Defendant fulfilled whatever obligation it may have had to reasonably accommodate Plaintiff's alleged disability to the extent possible in light of business necessities.

## TWENTY-THIRD DEFENSE

### (Reasonableness And Good Faith - All Causes of Action)

23.     Plaintiff's claims are barred in whole or in part by the fact that any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the facts as Defendant understood them in good faith.

## TWENTY-FOURTH DEFENSE

### (Legitimate, Independent Reasons - Eighth Cause of Action)

24.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because assuming arguendo that retaliatory reasons were a contributing factor in any decisions

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

77513700v.1

EXHIBIT C

toward Plaintiff, which Defendant expressly denies, Defendant would have made the same decisions for legitimate, independent reasons.  *See* Cal. Labor Code § 1102.6.

## TWENTY-FIFTH DEFENSE

### (Managerial Discretion - All Causes of Action)

25.     Plaintiff's claims, in whole or in part, are barred to the extent that any and all decisions made and actions taken by and/or on behalf of Defendant, were made and taken in the exercise of proper managerial discretion and in good faith.

## TWENTY-SIXTH DEFENSE

### (Failure to Inform Employer of Alleged Violations - All Causes of Action)

26.     Plaintiff's Complaint, and each cause of action contained therein, is barred because Plaintiff did not inform Defendant of any alleged unlawful conduct or purported complaints prior to filing a lawsuit.  Plaintiff, therefore, did not provide Defendant with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time she filed her claims.

## TWENTY-SEVENTH DEFENSE

### (Avoidable Consequences Doctrine - All Causes of Action)

27.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the avoidable consequences doctrine.

## TWENTY-EIGHTH DEFENSE

### (Offset - All Causes of Action)

28.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961), and its progeny.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

77513700v.1

EXHIBIT C

## TWENTY-NINTH DEFENSE

### (At-Will Employment - All Causes of Action)

29.     Pursuant to California Labor Code Section 2922, Plaintiff's employment was at-will, terminable at will by either party with or without cause or notice and, therefore, her claims are barred by Section 2922.

## THIRTIETH DEFENSE

### (Accord and Satisfaction/Release - All Causes of Action)

30.     Plaintiff's claims are barred in whole or in part, pursuant to an accord and satisfaction, and/or barred to the extent that Plaintiff has entered into or is otherwise bound by compromise, settlement, or release agreements regarding those claims.

## THIRTY-FIRST DEFENSE

### (Waiting Time Penalties - All Causes of Action)

31.     Plaintiff's claims are barred in whole or in part because Defendant paid Plaintiff all compensation owed to her at the conclusion of her employment and/or there was a good faith dispute as to whether such compensation was due.

## THIRTY-SECOND DEFENSE

### (Prompt Remedial Action – All Causes of Action)

32.     Defendant took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if in fact Plaintiff made any such complaints, thereby satisfying all legal duties and obligations Defendant had to Plaintiff, if any at all.

## RESERVATION OF RIGHTS

33.     Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims.  Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may later become available or apparent.  Defendant further reserves the right to amend its answer or defenses accordingly and/or to delete defenses that it determines are not applicable during the course of discovery.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

77513700v.1

**EXHIBIT C**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing by her Complaint;

2.      That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.      That Defendant be awarded reasonable attorneys' fees according to proof;

4.      That Defendant be awarded its costs of suit incurred herein; and

5.      That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: December 22, 2021                    SEYFARTH SHAW LLP

By:

Jonathan L. Brophy
Catherine S. Feldman
Attorneys for Defendant
MARSHALLS OF CA, LLC dba T.J. MAXX

8

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

77513700v.1

EXHIBIT C

**PROOF OF SERVICE**

STATE OF CALIFORNIA                    )
                                       )   SS
COUNTY OF LOS ANGELES                  )

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On December 22, 2021, I served the within document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐  electronically by using the Court's ECF/CM System.

Farrah Mirabel                   *Attorneys for Plaintiff Alicia Araiza*
LAW OFFICES OF FARRAH MIRABEL
1070 Stradella Rd.            Tel:    (714) 972-0707
Los Angeles, CA 90077      Fax:   (949) 417-1796
                            E-mail:   fmesq@fmirabel.com

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on December 22, 2021, at Los Angeles, California.

                            _____
                            Maria Torres-Masferrer

78184560v.1

**EXHIBIT C**